UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERNAN JOSE RODRIGUEZ LOPEZ,<br>Petitioner,<br>v.<br>WARDEN, CENTRAL VALLEY ANNEX DETENTION FACILITY<br>Respondent. | No. 1:26-cv-04962-DJC-SCR<br><br>RELEASE ORDER<br><br>A# 201-481-431 |

Before this Court is Petitioner Hernan Jose Rodriguez Lopez's Petition for Writ of Habeas Corpus (ECF No. 1.) Petitioner, a citizen of Venezuela, has been in the custody of Immigration and Customs Enforcement ("ICE") since December 1, 2025. (Opp'n (ECF No. 5) at 2.) Petitioner entered the United States under a B-2 visa but stayed beyond the termination of his visa. (Opp'n, Ex. 1 (ECF No 5-1) at 1.) Petitioner was granted Temporary Protected Status ("TPS") on July 27, 2022, and lost the status on October 31, 2025; he was also issued an Employment Authorization Document on August 9, 2022. (Pet. ¶ 34; Pet, Ex. E at 3.) Petitioner raised two United States citizen children in Florida, where he also received a Florida Board of Cosmetology Full Specialist License and co-operated a licensed business with his wife. (Pet. ¶ 29; Pet, Exs. I–J.) On July 25, 2025, Petitioner was convicted for Aggravated Assault with a

Deadly Weapon. (Opp'n, Ex. 1 at 3.) On December 1, 2025, immigration officials took Petitioner into custody while Petitioner was attending a required appointment in a Florida probation office. (*Id.* at 2.) On December 17, 2025, Petitioner received a bond hearing and was denied bond. (Digital Audio Recording of Bond Hearing ("DAR") (ECF No. 10).) Petitioner's applications for relief from removal were denied by an Immigration Judge on March 31, 2026. (Opp'n at 2.) Petitioner appealed the denial of relief on April 23, 2026, and his appeal is pending with the Board of Immigration Appeals. (*Id.*)

Petitioner previously received TPS status and an Employment Authorization Document. (Pet. ¶ 34.) "[C]ourts have found that TPS confers a liberty interest in being free from detention that is afforded procedural due process protection," noting that a "petitioner's receipt of TPS reflects a prior determination that he was not flight risk or a danger to the community." *Charisme v. Chestnut*, No. 1:26-cv-6595-DC-JDP, 2026 WL 2676878, at *4 (E.D. Cal. Sept. 11, 2026") (collecting cases). Courts have likewise found that the grant of employment authorization together with the Government's awareness of a noncitizen's presence in the country and past decision not to detain him also creates a protected liberty interest. *See, e.g., Gagik T. v. Chestnut, et al.*, No. 1:26-cv-04337-MWJS, 2026 WL 1837413 (E.D. Cal. June 25, 2026); *M.A. G.V. v. Warden, California City Det. Facility*, No. 1:26-cv-06356-TLN-SCR, 2026 WL 2516864, at *2 (E.D. Cal. Aug. 26, 2026), *report and recommendation adopted*, No. 1:26-CV-06356-TLN-SCR, 2026 WL 2588384 (E.D. Cal. Sept. 1, 2026). For the reasons stated in *Vivas Moncada v. Warden, California City Detention Center*, No. 1:26-cv-07842-DJC-CSK, 2026 WL 3320743 (E.D. Cal. Nov. 3, 2026), and *Yu v. Warden of the California City Det. Ctr,* No. 1:26-cv-04075 DJC AC, 2026 WL 1972560, at *6 (E.D. Cal. July 8, 2026), *findings and recommendations adopted*, No. 1:26-cv-04075 DJC AC, 2026 WL 3333976 (E.D. Cal. Nov. 4, 2026), the Court finds that Petitioner's detention without a pre-deprivation hearing violated his due process rights, and that the post-deprivation bond hearing did not cure that violation.

## CONCLUSION

IT IS HEREBY ORDERED that:

1. Petitioner's First Petition for Writ of Habeas Corpus (ECF No. 1) is granted as to the First Claim for Relief.[1]
2. Respondents are ordered to immediately release Petitioner Hernan Jose Rodriguez-Lopez from custody and return all of Petitioner's documents and possessions.
3. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating his arrest and detention and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight. Petitioner shall be allowed to have his counsel present.
4. The Clerk is directed to serve the Central Valley Annex Detention Facility with a copy of this Order.
5. The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated: **November 10, 2026**

Daniel J. Calabretta

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

---

[1] In the interest of judicial economy, the Court does not address Petitioner's other claims.